## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

30AV, LLC,

      Plaintiff,

vs.                        CASE NO.

SIMPLY 30AV, LLC,

      Defendant.

_____/

## COMPLAINT

Plaintiff 30AV, LLC, by and through undersigned counsel, sues Defendant SIMPLY 30AV, LLC, and alleges as follows:

### PARTIES

1.    Plaintiff 30AV, LLC ("30AV"), is a limited liability company organized and existing under the laws of the State of Florida, having its principal place of business in Niceville, Florida.

2.    Defendant SIMPLY 30AV, LLC ("SIMPLY 30AV"), is a limited liability company organized and existing under the laws of the State of Florida, having its principal place of business in Santa Rosa Beach, Florida.

## NATURE OF THE ACTION

3.      This is a civil action for infringement of 30AV's federally registered trademark 30AV.COM (and design) and its common law trademark 30AV (word) (the "30AV Mark") under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for trademark infringement under Florida common law, all arising from SIMPLY 30AV's unauthorized use of the 30AV Marks in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale and sale of SIMPLY 30AV's goods and services and use of the 30AV Marks in its domain names.

4.      SIMPLY 30AV's use in commerce of a mark nearly identical to 30AV's federally registered 30AV Mark is likely to cause consumer confusion and therefore is in violation of the Lanham Act and Florida common law.

## JURISDICTION

5.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over SIMPLY 30AV because SIMPLY 30AV has its principal place of business in the Northern District of Florida and it knowingly infringed a trademark in the Northern District of Florida.

## VENUE

7.     Venue is proper in this district under 28 U.S.C. § 1391, because a substantial part of the facts giving rise to 30AV's claims against SIMPLY 30AV occurred in Florida and both Parties have their principal places of business in the Northern District of Florida.

## GENERAL ALLEGATIONS

### 30AV and its 30AV Marks

8.     30AV is an award-winning home entertainment company that provides home theater, home automation, multi-room audio and video surveillance installation services.

9.     30AV was founded (under a different name) in 2009.   In anticipation of using the new trademark, 30AV filed its fictitious name "30AV" and purchased the domain name, 30AV.com, in April 2015.  30AV's logo was developed in June 2015. Attached as Exhibit 1 is a true and correct

copy of the Application for Registration of a Fictitious Name applied for by 30AV.

10.    30AV began using the 30AV Mark in July 2015 in connection with smart home entertainment installation services.  30AV has continued to expand its business under the 30AV Mark over the years.    Attached as Exhibit 2 is a true and correct copy of the Affidavit of Will Cantrell dated April 11, 2021.

11.    30AV owns the entire interest and goodwill to the valid and subsisting United States Trademark Registration No. 5,941,732, 30AV.COM (and design).[1]    Attached as Exhibit 3 is a true and correct copy of the registration certificate for 30AV's United States Trademark Registration No. 5,941,732, which was issued by the United States Patent and Trademark Office on December 24, 2019.

12.    Additionally, 30AV has developed common law rights in the 30AV Mark (word mark and design mark) based on its continuous use in commerce since July 2015.

---

[1] U.S. Registration No. 5,941,732 lists a date of first use at least as early as October 2016, however 30AV began use in July 2015.

13.    The 30AV Mark also has considerable commercial strength based on longstanding use and extensive marketing and promotion.  30AV has used the 30AV Mark in commerce continuously in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of, home installation of audio-visual systems consisting primarily of televisions, projectors, speakers, video surveillance, security, lighting, and thermostats, since July 2015.  See Exhibit 2; attached as Exhibit 4 are true and correct copies of photographs of 30AV's promotional items.

14.    The 30AV Mark has been referenced in third party publications, which is evidence that the mark is strong.  In 2017, URC (Universal Remote Control, Inc.) published an article regarding a 30AV residential installation at URC's on-line media outlets.  In 2018, 30AV was awarded the URC 2018 Unsurpassed Award for the Best Residential Installation Nationally during the CEDIA EXPO 2018 in San Diego.  URC issued a Press Release on September 6, 2018, listing 30AV as an award winner.  Attached as Exhibit 13 is a true and correct copy of a 2017 Universal Remote Control, Inc. Case Study; Attached as Exhibit 14 is a true and correct copy of a September 6, 2018 Press Release by Universal Remote Control, Inc., announcing an award

given to 30AV; Attached as Exhibit 15 is a true and correct copy of a photograph of the 2018 Award Trophy by Universal Remote Control, Inc.

15.    The 30AV Mark has been used extensively in connection with smart home audio-visual installation services.  30AV invests substantially in marketing and promoting its services to consumers through its website, at trade shows, through signage on installation trucks and vans, on-site at installations and at various events throughout the community.   30AV distributes numerous promotional materials, such as t-shirts, tumblers, mugs, and stickers.  Through its extensive marketing, customers have come to understand that the term 30AV is synonymous with quality home audio-visual installation services.  See Exhibit 4.

16.    The 30AV Marks are inherently distinctive.  The term 30AV is a combination of Scenic 30A and an abbreviation of the term Audio-Visual. The two terms are telescoped together to form "30AV," which is merely suggestive of the services offered under the trademark.  The telescoped mark "30AV" is unitary and gives a different commercial impression than the two words on their own.  Consumers know that the 30AV Mark is referring to a provider of services rather than a description of the services being provided.

17.    Additionally, the lack of other similar marks in connection with similar goods and/or services lends to the overall strength of the 30AV Marks.   A search of the United States Patent and Trademark Office ("USPTO") Trademark Electronic Search System for live "30A" marks in connection with "audio visual" services return zero results.  A search of the term "30AV" in connection with all classes only returns the 30AV Mark. Thus, there are no other registered mark that use the term "30AV."

18.    30AV's longstanding, widespread use, investment in advertising and the lack of other similar marks in connection with similar goods and/or services further contribute to the strength of the 30AV Mark.  The 30AV Mark is very strong.

19.    30AV advertises and sells its home audio-visual installation services  primarily  to  homeowners  in  the  Florida  Panhandle.    30AV's customers are therefore homeowners, who either live in their home or rent their home to others.

20.    30AV's advertising media includes signage, promotional items, social media posts and website marketing.  30AV markets to homeowners direct through its website at www.30AV.com, at trade shows, on trucks and

vans, at on-site installation locations and at various events throughout the community.

21.    30AV sells and installs third party products to homeowners, including televisions, projectors, speakers, video surveillance, security, lighting, and thermostats.  Therefore, 30AV provides its installation services direct to the consumer and acts as a retailer of other products, included with the installation.

22.    Customers encounter the 30AV Mark during installations, at trade shows and other events, online and throughout the community on promotional items.  See Exhibit 4.

23.    30AV has spent substantial time, money and resources marketing, advertising, and promoting the 30AV Mark and related services. 30AV promotes and sells its installation services at trade shows, its website and on promotional items that are widely distributed.

24.    As a result of 30AV's expenditures and efforts, and the widespread, longstanding, continuous and exclusive use of the 30AV Mark, it has come to signify the high quality of the goods and services designated thereby, and acquired distinction, reputation and goodwill belonging to 30AV.  Consumers have come to know, rely upon, and recognize the goods

and services of 30AV by its distinctive 30AV Mark throughout the Florida Panhandle.   Consumers understand that they will receive quality and reliable installation services along with a positive experience from 30AV.

**Defendant's Unauthorized Use of, and similarity to, the 30AV Mark**

25.    Defendant is using the mark Simply 30AV (the "Infringing Mark" or the "Simply 30AV Mark") in commerce.  The 30AV Mark and the Simply 30AV Mark both include 30AV which is the dominant portion of the mark.  Additionally, Simply 30AV uses the Infringing Mark with the term "Simply" and "30AV" on separate lines and in separate font colors.  This enhances the similarity between the marks because the 30AV in the Infringing Mark stands apart from the term "Simply."  Thus, the marks look similar, sound similar and give the same overall commercial impression. Attached as Exhibit 5 is a true and correct copy of Simply 30AV's use of the Infringing Mark.

26.    Defendant is engaged in installation of audio-visual systems consisting primarily of televisions, projectors, speakers, video surveillance, security, lighting, and thermostats.  Therefore, both parties are engaged in identical services in connection with highly similar marks.

27.    Defendant adopted and begin using the Infringing Mark in commerce without 30AV's authorization and after 30AV acquired protectable exclusive rights in its 30AV Mark.

28.    It is undisputed that the 30AV Mark, used in connection with its installation services in July 2015, has priority over the Infringing Mark, which, upon information and belief, was first used on or about August 5, 2018.[2]  Attached as Exhibit 6 is a true and correct copy of the Wayback Machine Internet Archive website screen shot showing web captures of 30AV's website.

29.    Defendant advertises, promotes, and offers its services to the public through its website at www.simply30AV.com, social media platforms, promotional items and at installations.  Therefore, Defendant's advertising media is identical to 30AV's advertising media.  See Exhibit 5; Attached as Exhibit 7 is a true and correct copy of a screenshot of Simply30AV's website.

---

[2] Defendant claims a date of first use of September 14, 2015, in its application for registration of the mark SIMPLY30AV, which is still later than 30AV's first use.  However, it appears that the earliest date of use of SIMPLY30AV to the public is in August 2018, based on a review of the Internet Archiver (www.archive.org).

30.    Defendant advertises and sells its home audio-visual installation services primarily to homeowners in the Florida Panhandle.  Defendant's customers are therefore identical to 30AV's customers – homeowners, who either live in their home or rent it to others.  The same customers – homeowners – encounter two highly similar marks for identical services – audio-visual installation services – in the same competitive proximity – Florida Panhandle.  Attached as Exhibit 8 is a true and correct copy of a website screen shot of Simply30AV's Facebook page.

31.    Adding to the likelihood of consumer confusion, the Defendant's *use* of the Infringing Mark, on its website, on promotional items and in advertisements, is highly similar to 30AV's use of its mark.  Defendant's website theme mimics 30AV's website theme.  Defendant's website uses an identical light blue color to the 30AV website and 30AV Mark.  The two websites both include images of the beach.  And the website domain names are highly similar, *30AV.com* compared to *Simply30AV.com*.  See Exhibit 7; Attached as Exhibit 9 is a true and correct copy of a screenshot 30AV's website.

32.    In January 2019, because of the likelihood of consumer confusion, 30AV's counsel sent a cease-and-desist letter to Defendant

objecting to Defendant's use of the Infringing Mark.  Attached as Exhibit 10 is a true and correct copy of a cease and desist letter dated January 24, 2019.

33.    Defendant corresponded with 30AV and 30AV's counsel to discuss resolving the dispute out of court throughout 2019-2021.  In October 2021 Defendant and 30AV discussed the terms of a verbal agreement. Defendant stated that it would mark the business as permanently closed on Google® and remove a Houzz® review for Simply 30AV where a customer recommended "30AV" (as opposed to Simply 30AV) for any A/V and electrical work (another instance of actual confusion).

34.    30AV considered the proposal, but ultimately did not agree because the proposed actions were not enough to address the actual confusion in the marketplace. 30AV's counsel attempted to reach out one final time in December 2021 to resolve the dispute.  However, Defendant stated that it was discontinuing any discussion of settlement.  Defendant's business remains active, the Simply 30AV website remains live, the Simply 30AV business shows as open and the Houzz review is still active but was modified.

35.    Despite receiving actual notice of 30AV's rights with respect to the 30AV Mark, Defendant continues to advertise and promote identical

services to the same consumers in connection with its Infringing Mark. Therefore, Defendant's acts are willful with the deliberate intent to trade on the goodwill of the 30AV Mark, cause confusion and deception in the marketplace and/or divert potential sales of 30AV's services to Defendant.

36.     Additionally, in February 2021, Defendant filed an application for a trademark for Simply30AV.  In response to its application on September 13, 2021, the United States Patent and Trademark Office ("USPTO") rejected the application in view of a likelihood of consumer confusion with the 30AV Mark.  Attached as Exhibit 11 is a true and correct copy of an Office Action issued by the USPTO dated September 13, 2021.

37.     Finally, there are instances of actual confusion between Defendant's Infringing Mark and the 30AV Mark.  Attached as Exhibit 12 is a true and correct copy of the Declaration of Austin Agee dated April 16, 2021.

38.     Defendant's intentionally infringing acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's services and have deceived and are likely to continue to deceive the relevant consuming

public into mistakenly believing that Defendant's goods or services originate from, are associated, or affiliated with, or otherwise authorized by 30AV.

39.    Given Defendant's use of a highly similar mark for identical services that will be marketed to or encountered by the same (or potentially the same) consumers through the same channels of trade, consumers are likely to be confused or deceived into believing that Defendant's services emanate from or are otherwise associated with 30AV.   The resulting confusion will irreparably harm 30AV's acquired goodwill and reputation in the marketplace and will otherwise damage 30AV's business interests.

## COUNT I
### (Federal Trademark Infringement)

40.    30AV incorporates the allegations in Paragraphs 1 through 39 as if fully set forth herein.

41.    By its unauthorized use of the Infringing Mark that is highly similar to the 30AV Mark, which was in use prior to the Infringing Mark, Defendant is trading on the 30AV Mark and misappropriating the goodwill and reputation which has attached to the 30AV Mark.

42.    Defendant's unauthorized use in commerce of the Infringing Mark in connection with identical audio-visual installation services is likely

to confuse or deceive consumers into erroneously believing that Defendant and its services used in connection with the Infringing Mark originate from 30AV or are associated with and/or authorized by 30AV.

43.     The acts and conduct of Defendant described herein constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §§ 1114 and 1116.

44.     Defendant has committed the foregoing acts of infringement with full knowledge of 30AV's prior rights in the 30AV Mark and with the willful intent to cause confusion and trade on 30AV's goodwill.

45.     Defendant's conduct is causing immediate and irreparable harm and injury to 30AV, and to its goodwill and reputation, and will continue to both damage 30AV and confuse the public unless enjoined by this Court from using the Infringing Mark.  30AV has no adequate remedy at law.

46.     In addition to injunctive relief, 30AV is entitled to all damages it has sustained in the amount to be determined at trial including but not limited to three times Defendant's profits and gains as a result of its unfair competition described above, along with reasonable attorneys' fees and costs of the action under the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post judgment interest.

## COUNT II
## (False Designation of Origin – Unfair Competition)

47.    30AV repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

48.    30AV owns all right, title and interest in and to the 30AV Mark and holds the exclusive rights to market and sell fueling goods and services bearing the 30AV Mark.

49.    The 30AV Mark is distinctive and has achieved secondary meaning associating it in the minds of the purchasing public with 30AV and its services.

50.    Defendant's unauthorized use in commerce of the Infringing Mark constitutes use of a false designation of origin as such conduct is likely to cause confusion or to deceive consumers as to the origin, sponsorship, affiliation, connection and/or association of 30AV or the 30AV Mark with Defendant and its services offered under the Infringing Mark.

51.    The Infringing Mark is calculated and intended to deceive and is likely to deceive consumers into believing that they are purchasing 30AV's services.  The Infringing Mark, which is confusingly similar to the 30AV

Mark, does not originate from or have the approval or authorization of 30AV.

52.     Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, affiliation, connection or association of Defendant's goods and services with 30AV.

53.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to 30AV, and to its goodwill and reputation, and will continue to both damage 30AV and confuse the public unless enjoined by this court. 30AV has no adequate remedy at law.

55.     30AV is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post judgment interest.

## COUNT III
(Florida Common Law Infringement)

56.     30AV repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

57.     30AV has continuously used the 30AV Mark since July 2015 in connection with audio-visual installation services that it provides throughout the Florida Panhandle.

58.     The 30AV Mark is inherently distinctive.

59.     30AV used the 30AV Mark first in the Florida Panhandle area.

60.     The public associates the 30AV Mark with high quality audio-visual installation services.

61.     Defendant began use of the Infringing Mark after July 2015 and at no point in time received authorization from 30AV to do so.

62.     The Infringing Mark is similar in appearance, sound, and overall commercial impression.  It is used in connection with identical services in competitive geographic proximity to 30AV.  Its use has caused actual consumer confusion.

63.    30AV demanded that Defendant cease use of the Infringing Mark, but Defendant continues to use it.

64.    The Infringing Mark is highly similar to the distinctive 30AV Mark, used in connection with identical services on very similar advertising media to customers in the same geographic area.  For these reasons, the public is likely to confuse the Infringing Mark with the 30AV Mark along with the source of the services provided in connection with the two marks.

65.    Defendant's conduct constitutes trademark infringement under Florida common law, and 30AV has been and continues to be damaged by this infringement.

**WHEREFORE,** Plaintiff 30AV requests judgment against Defendant as follows:

1.    That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Florida common law.

2.    Permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing

persons or entities who receive actual notice of the Court's order by personal service or otherwise from:

    a.    providing, selling, marketing, advertising, promoting or authorizing any third party to provide, sell, market, advertise or promote any goods or services bearing the Simply 30AV Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation or colorable imitation of the 30AV Mark;

    b.    engaging in any activity that infringes 30AV's rights in its 30AV Mark;

    c.    engaging in any activity constituting unfair competition with 30AV;

    d.    making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) Defendant's services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with 30AV or (ii) 30AV's services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendant;

e.      using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and/or services with 30AV or tend to do so;

f.      registering, maintaining, or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the Simply 30AV Mark or any other mark that infringes or is likely to be confused with the 30AV Mark, or any goods or services of 30AV, or 30AV as their source; and

g.      aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

3.      Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored,

authorized or franchised by or associated, affiliated or otherwise connected with 30AV or constitute or are connected with 30AV's goods/services.

4.   Directing Defendant to transfer its domain name www.simply30AV.com to Plaintiff.

5.   Directing Defendant to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, advertisements, signs, displays and other materials that feature or bear any designation or mark incorporating the Simply30AV Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the 30AV Mark, and to direct all distributors, retailers, wholesalers and other individuals and establishments wherever located in the United States that advertise, promote, sell or offer for sale Defendant's goods and services to cease forthwith the display, distribution, marketing, advertising, promotion, sale and/or offering for sale of any and all goods, services, labels, advertisements, signs, displays and other materials featuring or bearing the Simply 30AV Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the 30AV Mark, and to immediately remove them from public access and view.

6.      Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon 30AV's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

7.      Directing that Defendant account to and pay over to 30AV all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate 30AV for the damages caused thereby.

8.      Awarding 30AV punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

9.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding 30AV its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)) and §495.131, Florida Statute.

10.      Awarding 30AV interest, including prejudgment and post-judgment interest, on the foregoing sums.

11.      Awarding 30AV's costs under 28 U.S.C. § 1920.

12.     Directing that the Court retain jurisdiction of this action for the purpose of enabling 30AV to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

13.     Awarding such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  February 17, 2022.

/Adrienne C. Love/
Adrienne C. Love (FL Bar No. 21835)
adrienne@penningtonlaw.com
J. Wiley Horton (FL Bar No. 59242)
wiley@penningtonlaw.com
PENNINGTON, P.A.
215 S. Monroe Street
2nd Floor
Tallahassee, FL  32301
850 222-3533 – office
850 222-2126 – fax
Attorneys for Plaintiff